**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

SYNDIE SEVERE,

        Plaintiff,

v.                        Case No:   6:22-cv-1178-PGB-LHP

GEOVERA INSURANCE COMPANY,

        Defendant

---

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **DEFENDANT'S MOTION TO COMPEL ANSWERS TO WRITTEN DISCOVERY (Doc. No. 29)**
>
> **FILED:** January 18, 2023
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

Defendant moves for an order compelling Plaintiff to serve answers to its Interrogatories and responses to its Requests for Production, stating that Plaintiff has wholly failed to respond to these discovery requests, despite Defendant's

agreement to extend the deadline for Plaintiff to respond. Doc. No. 29.[1] According to the motion, Plaintiff does not oppose the request. *Id.* at 3. And Plaintiff has not responded to the motion, and her deadline for doing so has passed. *See* Doc. No. 12 ¶ 5 (providing that opposition briefing to a discovery motion must be filed no later than five days after the motion). Accordingly, the Court deems Defendant's motion to be unopposed. *See id.* (stating that failure to file a timely response *will* result in the discovery motion being deemed unopposed). *See also Westchester Surplus Lines Ins. Co. v. Paramount Disaster Recovery, LLC*, No. 6:18-cv-1738-Orl-37DCI, 2019 WL 5294804, at *1 (M.D. Fla. Apr. 19, 2019) ("The Court routinely grants motions as unopposed where the opposing parties have not filed a response in opposition to the motion."); *Bercini v. City of Orlando*, No. 6:15-cv-1921-Orl-41TBS, 2016 WL 11448993, at *2 (M.D. Fla. Sept. 28, 2016) (granting in full unopposed motion to compel); *Daisy, Inc. v. Pollo Operations, Inc.*, No. 2:14-cv-564-FtM-38CM, 2015 WL 2342951, at *1 (M.D. Fla. May 14, 2015) (when defendant did not respond court could consider motion to compel unopposed).

---

[1] Defendant has attached a copy of its Requests for Admissions, but has not moved to compel responses to same. *See* Doc. Nos. 29; 29-1, at 15–19. The Court therefore does not address the Requests for Admissions further.

Upon review of the unopposed motion, and the related discovery attached, the Court finds Defendant's motion well taken. Accordingly, Defendant's motion (Doc. No. 29) is **GRANTED**, and it is **ORDERED** as follows:

1. On or before **February 22, 2023**, Plaintiff shall serve on Defendant complete, sworn answers to Defendant's interrogatories. *See* Doc. No. 29-1, at 1–8.

2. On or before **February 22, 2023**, Plaintiff shall produce all documents in her current possession, custody, or control responsive to the requests for production. *See* Doc. No. 29-1, at 9–14.

3. All objections to the discovery at issue, other than attorney-client privilege, have been waived by the failure to timely respond to the discovery requests and/or respond to the motion to compel. *See, e.g.*, *Jackson v. Geometrica, Inc.*, No. 3:04-cv-640-J-20HTS, 2006 WL 213860, at *1 (M.D. Fla. Jan. 27, 2006) (objections not addressed in response to a motion to compel are deemed abandoned).

**5. Failure to comply with this Order may result in sanctions.** *See* **Fed. R. Civ. P. 37(b)**.[2]

---

[2] Defendant does not request an award of fees and costs or any other relief in its motion, *see* Fed. R. Civ. P. 37(a)(5); accordingly, the Court declines to award any further relief at this time.

- 4 -

**DONE** and **ORDERED** in Orlando, Florida on February 8, 2023.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties