**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

SYNDIE SEVERE,

        Plaintiff,

v.                                                         Case No:   6:22-cv-1178-PGB-LHP

GEOVERA INSURANCE COMPANY,

        Defendant

---

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **DEFENDANT'S UNOPPOSED MOTION TO COMPEL PLAINTIFF'S DEPOSITION (Doc. No. 37)**
>
> **FILED:**     **February 14, 2023**
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

Discovery closes in this case on September 5, 2023.  *See* Doc. No. 10.  By the present motion, Defendant moves for an order compelling Plaintiff Syndie Severe to appear for deposition within 60 days from the date of this Order.  Doc. No. 37. According to the motion, Defendant originally scheduled Plaintiff's deposition for

January 20, 2023, but Plaintiff failed to appear. *Id.*, at 1, *see also* Doc. Nos. 37-1, 37-2. And since that time, Plaintiff has refused to appear for deposition. Doc. No. 37, at 2. As such, Defendant requests that Plaintiff be compelled to appear for deposition, and that Defendant be awarded its reasonable fees and costs for filing the present motion. *Id.*, at 3.

The motion states that Defendant's counsel conferred with Plaintiff's counsel on February 7, 2023, and that the motion is unopposed. *Id.* However, on February 15, 2023, the day after Defendant filed its motion to compel, the Court granted Plaintiff's counsel's motion to withdraw, and since that time Plaintiff has been proceeding *pro se*. Doc. No. 38. Given Plaintiff's *pro se* status, the Court waited an extended period of time to see if Plaintiff would file a response to the motion to compel. As of the date of this Order – more than two weeks after the motion to compel was filed – Plaintiff has not filed a response, and the time to do so has now expired. *See* Doc. No. 12 ¶ 5 (providing that opposition briefing to a discovery motion must be filed no later than five days after the motion); *see also* Local Rule 3.01(c) (providing 14 days to respond to other motions). And while the Court in this one instance afforded Plaintiff additional time to respond, Plaintiff's *pro se* status does not absolve her from her duty to litigate this case, to respond to discovery as appropriate, and to comply with all applicable Court Orders, Local Rules, and Federal Rules of Civil Procedure. *See Moon v. Newsome*, 863 F.2d 835,

837 (11th Cir. 1989) (a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."), *cert. denied*, 493 U.S. 863 (1989).

Accordingly, the Court deems Defendant's motion to be unopposed. *See* Doc. No. 12 ¶ 5 (stating that failure to file a timely response *will* result in the discovery motion being deemed unopposed); Local Rule 3.01(c) ("If a party fails to timely respond, the motion is subject to treatment as unopposed."). *See also Westchester Surplus Lines Ins. Co. v. Paramount Disaster Recovery, LLC*, No. 6:18-cv-1738-Orl-37DCI, 2019 WL 5294804, at *1 (M.D. Fla. Apr. 19, 2019) ("The Court routinely grants motions as unopposed where the opposing parties have not filed a response in opposition to the motion."); *Bercini v. City of Orlando*, No. 6:15-cv-1921-Orl-41TBS, 2016 WL 11448993, at *2 (M.D. Fla. Sept. 28, 2016) (granting in full unopposed motion to compel); *Daisy, Inc. v. Pollo Operations, Inc.*, No. 2:14-cv-564-FtM-38CM, 2015 WL 2342951, at *1 (M.D. Fla. May 14, 2015) (when defendant did not respond court could consider motion to compel unopposed).

Upon review of the unopposed motion and supporting documentation, the Court finds Defendant's motion well taken, with the exception of the request for sanctions. Given Plaintiff's recent *pro se* status and the timing of the withdrawal of counsel in relation to the motion to compel, the Court finds that circumstances exist that would make an award of sanctions – with respect to this motion only – unjust. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii). Going forward, however, Plaintiff is reminded

that *pro se* parties are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure" and the Local Rules.  *See Moon*, 863 F.2d at 837.

Accordingly, Defendant's motion to compel (Doc. No. 37) is **GRANTED IN PART AND DENIED IN PART.**  Within **fourteen (14) days** from the date of this Order, the parties are **DIRECTED** to meet and confer on the selection of a date for Plaintiff's deposition, with such deposition to take place within **sixty (60) days** from the date of this Order.  If Plaintiff fails to meet and confer with Defendant within this **fourteen (14) day** period, then Defendant may unilaterally notice Plaintiff's deposition.  *See* Middle District Discovery (2021) § II.A.1.  In all other respects, Defendant's motion (Doc. No. 37) is **DENIED**.

**Plaintiff is advised that failure to comply with this Order may result in sanctions.**  *See* **Fed. R. Civ. P. 37(b)**.

**DONE** and **ORDERED** in Orlando, Florida on March 3, 2023.

*[signature: Leslie Hoffman Price]*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties